Filed 5/31/13  P. v. Brown CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALVIN EARL BROWN,<br><br>　　　Defendant and Appellant. | A136136<br><br>(Contra Costa County<br>Super. Ct. No. 51105592) |

Appellant and defendant Alvin Brown appeals from a restitution order made after entry of judgment.  His appellate counsel has raised no issue and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the order.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the restitution record, we conclude no arguable issues are presented for review, and affirm the order.

## BACKGROUND[1]

On October 3, 2010, defendant attempted to murder Erica McCoy by stabbing her in the abdomen.  Her four-year-old son was in the room at the time and tried to help his mother.  Defendant forced McCoy into another room and tried to bind her with shoelaces and medical tape.  She finally escaped.  As a result of this brutal incident, McCoy

---

[1] The factual background is taken from the briefs on restitution filed by the prosecution.

1

received life-threatening wounds requiring extensive medical care. Additional expenses were incurred in connection with care and support of her son. Her mother also incurred losses as a result of providing care to McCoy and her son.

At a second restitution hearing on April 27, 2012, the trial court instructed the prosecutor to file an amended restitution claim, better organizing and documenting the claimed items.

In accordance with the court's directive, the prosecution filed a supplemental brief on restitution on June 7, 2012. McCoy's medical expenses were covered almost entirely by other sources. Accordingly, only the following items of restitution were sought for McCoy and her son: $300 for McCoy's prescription expenses and $130 for psychological treatment for her son. With respect to McCoy's mother, the following out-of-pocket costs were claimed: three months of room, board and necessaries for McCoy and her son, $1,200; missed wages for 41 days of missed work between October 15 and December 14, 2010, $4,200; missed wages during 2011 and 2012 for court appearances at trial date and sentencing, $968; costs she had to shoulder for maintaining her own medical benefits during this time, $825.93; pre-school expenses paid for McCoy's son, $2,000; transportation of McCoy and her son to medical appointments and school, $350; transportation to pick up prescriptions, food and necessaries for McCoy and her son, $150; cost of her own prescriptions for anxiety $320. The amounts claimed for McCoy's mother totaled $11,573.93. The grand total of restitution sought was $12,002.93. The prosecution also asked that, pursuant to Penal Code section 1202.4, subdivision (f)(3)(B–(C), the court reserve future medical and psychological expenses for McCoy and her son.

The matter came on for hearing again on June 22, 2012. The court carefully went over the claimed amounts, and counsel for defendant was given the opportunity to, and did, respond and object to a number of the items. The court ultimately ordered the following in restitution: $430 for medical expenses; $6,225.93 for the various out-of-pocket expenses incurred by McCoy's mother in caring for McCoy and her son; and $500 for transportation costs incurred by McCoy's mother in connection with McCoy and her son—totaling $7,155.93.

## DISCUSSION

Upon review of the record of the restitution proceedings, we conclude there is no viable issue on appeal. The restitution claims were supported by evidence from the McCoy and her mother, as well as other sources. The trial court carefully examined the claims. Defense counsel was given the opportunity to object to the claims, and as to many of them, did so. The court soundly exercised its discretion as to the amount awarded, disallowing $4,847 of the amount sought, and awarding $7,155.93 in restitution. (See *People v. Brasure* (2008) 42 Cal.4th 1037, 1074–1075; *People v. Crisler* (2008) 165 Cal.App.4th 1503, 1507–1509.)

## DISPOSITION

After a full review of the restitution record, we find no arguable issues and affirm the restitution order.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.

3